UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MIRIAM WILLIAMS-IVORY,**

    **Plaintiff,**

v.                          **CASE NO. 4:06-CV-484-RH-WCS**

**MORRIS YOUNG, in his official
capacity as Sheriff of the GADSDEN
COUNTY SHERIFF'S OFFICE,**

    **Defendant.**
_____/

## MOTION FOR SUMMARY JUDGMENT

Defendant, MORRIS YOUNG, in his official capacity as SHERIFF OF THE GADSDEN COUNTY SHERIFF'S OFFICE, moves for summary judgment pursuant to Rule 56, Fed. R. Civ. P., and in support thereof states the following:

1. The Plaintiff has alleged that she was the subject of gender discrimination in violation of Title VII, 42 U.S.C. § 2000, and in particular contends that she suffered disparate treatment and was subjected to a sexually hostile work environment.

2. Defendant is entitled to summary judgment on Plaintiff's claim that as a result of her termination for her inability to perform her assigned duties, she was subjected to disparate treatment gender discrimination. Plaintiff cannot establish a prima facie case of disparate treatment. There are no male comparators similarly situated to the Plaintiff who were treated more favorably. Furthermore, Plaintiff

was terminated for legitimate, nondiscriminatory reasons and there is no genuine issue of material fact to deny summary judgment on the basis of pretext.

3. Assuming that the Plaintiff contends that she was denied a long-sleeved uniform and jacket because of her gender, there is no evidence that she was treated differently from male co-workers who were school resource officers. Furthermore, Plaintiff's allegations do not demonstrate that she suffered adverse employment action. Accordingly, the Plaintiff is unable to state a prima facie case of disparate treatment.

4. Defendant is entitled to summary judgment on Plaintiff's claim of hostile work environment. The Defendant exercised reasonable care to prevent sexual harassment by promulgating a policy which provides procedures to report harassment, of which the Plaintiff was familiar. She had been provided this policy at the time of her employment, but she unreasonably failed to take advantage of the remedies provided in the policy to complain of harassment. Although the Plaintiff contends that she was sexually harassed by her supervisor, Robert Barkley, upon her employment in June 2002, she never made any complaint until April 2004, when she retained the Police Complaint Center in Washington, D. C. to conduct an investigation of her allegations of harassment by Barkley, and June 2004 when she filed a complaint with the Florida Department of Law Enforcement which conducted a criminal investigation.

5. Defendant reasonably relied upon the investigations of the Police Complaint Center and the Florida Department of Law Enforcement in concluding that the Gadsden County Sheriff's Office would not conduct a separate investigation

regarding Plaintiff's allegations of hostile work environment. Furthermore, because both the investigations concluded that the Plaintiff was not sexually harassed, no employment action was taken against the alleged harasser Capt. Robert Barkley.

WHEREFORE, the Defendant respectfully requests this honorable Court to grant summary judgment in favor of the Defendant.

Respectfully submitted on this 29th day of May, 2007.

/s/ R. W. Evans
**R. W. EVANS**
Florida Bar No. 0198862
**ALLEN, NORTON & BLUE, P.A.**
906 North Monroe Street
Tallahassee, Florida 32303
Tel: (850) 561-3503
Fax: (850) 561-0332
www.revans@anblaw.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 29th, 2007, I electronically filed this document by using the CM/ECF system, which will send a notice of electronic filing to H. Richard Bisbee, Esquire, H. Richard Bisbee, P.A., 1882 Capital Circle N.E. #206, Tallahassee, Florida 32308.

/s/ R. W. Evans
**R. W. EVANS**

43598_1