**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MIRIAM WILLIAMS-IVORY,**

    **Plaintiff,**

vs.                              CASE NO:  4:06-CV-484-RH-WCS

**MORRIS YOUNG, in his official
capacity as Sheriff of the GADSDEN
COUNTY SHERIFF'S OFFICE,**

    **Defendant.**
_____/

**PLAINTIFF'S MOTION TO STRIKE SELECT AFFIDAVITS
AND EXHIBITS OF DEFENDANT OFFERED
IN SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

**COMES NOW**, the Plaintiff, **MIRIAM WILLIAMS-IVORY**, who, pursuant to the *Federal Rules of Civil Procedure*, *Rules 12(f)* and *56(e)*, respectively, and by and through her undersigned counsel(s), Motions this Court for the entry of an Order Striking select affidavits and exhibits of Defendant offered in support of Defendant's motion for summary judgment and, as basis therefore, would state as follows:

    **I.**     "**HEARSAY" EXHIBITS**

    1.     Attached to the affidavits of Mr. Morris Young and Mr. Cecil Morris are a variety of unsworn and/or unauthenticated documents which, without endeavoring to address the issue of their questionable relevance to the issues before this Court, are inadmissible as evidence and, as such, should not be considered with respect the rendering of a ruling of Defendant's motion for summary judgment.

    2.     Because the documents at issue contain unsworn declarations and/or

1

statements, they are to be deemed hearsay within the contemplation of *Section 801* of the *Federal Rules of Evidence*.

3. While *Title 28* of the *United States Code*, *Section 1746*, does provide for a limited exception with respect to the admissibility of out-of-court statements and/or declarations, in order for a statement and/or declaration to fall within said narrow exception, the subject document sought to be entered into evidence must be attested to under penalty of perjury. If the document does not contain the prerequisite perjury clause, it is to be construed as inadmissible.

4. As such, in light of the foregoing, the Plaintiff, Miriam Williams-Ivory, would, respectfully, contends that **Exhibits "A"** and **"B"**, as appended to the affidavit of Mr. Morris Young, should be stricken from the record of this Court. Further, Exhibits **"A", "B", "C", "D", "E", "F", "G", "H", "I", "J", "K", "L", "M", "N"**, and **"P"**, as appended to the affidavit of Mr. Cecil Morris, should also be stricken from the record of this Court.

    **II.**    **RECORD EVIDENCE**

5. The affidavit of Mr. Morris Young contains reference to an audiotape which he contends that the Plaintiff, Miriam Williams-Ivory, used to chronicle a conversation that allegedly took place between the parties. There is no record evidence in the instant case to support the allegations of Mr. Young, nor has the Defendant ever provided said audiotape, thereby confirming its existence.

6. Because there is no evidence to support the contention of Mr. Morris Young with respect to the existence of an audiotape, the affidavit of Mr. Morris Young should be struck in its entirety.

### III.  PERSONAL KNOWLEDGE

7. Both of the affidavits of Mr. Ted Sadler and Mr. Edward M. Spooner Fail to set forth any personal knowledge on the part of the affiants.

8. In lieu of providing personal knowledge relevant to the instant case, both affidavits provide hypotheticals and/or prognostications as to what type of events might have occurred within the scope of this case had certain preconditions been met.

9. Because the affidavits at issue contain predictions as to how the Defendants and/or agents would have conducted themselves, they have no evidentiary value, nor relevance, and, as such, the Plaintiff, Miriam Williams-Ivory, would, respectfully, submit that said affidavits must, necessarily, be stricken from the record of this Court.

**WHEREFORE**, the Plaintiff, **MIRIAM WILLIAMS-IVORY**, respectfully, Motions this Court for the entry of an Order Striking Select Affidavits and Exhibits, as offered by the Defendant in support of its motion for summary judgment, as well as the provision of any such other relief as this Court may deem equitable and just.

Respectfully Submitted on this 12th day of June, 2007.

/s/ H. Richard Bisbee
**H. RICHARD BISBEE**
Florida Bar Number: 327808
**H. RICHARD BISBEE, P.A.**
1882 Capital Circle, N.E.
Suite 206
Tallahassee, Florida 32308
Telephone: (850) 386-5300
Facsimile: (850) 219-0053

3

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that, on June 12, 2007, a true and correct coy of the foregoing was conveyed using the CM/ECF system, which will send notice of electronic filing to Mr. R.W. Evans, Allen, Norton & Blue, P.A., 906 North Monroe Street, Tallahassee, Florida 32303.

/s/ H. Richard Bisbee
**H. RICHARD BISBEE**