# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

MIRIAM WILLIAMS-IVORY,

    Plaintiff,

v.    CASE NO. 4:06cv484-RH/WCS

MORRIS YOUNG,

    Defendant.

_____/

## PRETRIAL ORDER

This order confirms (and in some respects adds to) the rulings entered at the pretrial conference on July 17, 2007. For the reasons set forth on the record at that time (with modifications explained in footnotes to this order),

IT IS ORDERED:

1. Trial remains set for the two-week trial period commencing Monday, August 6, 2007. The case is second on the docket. The jury will be selected on August 6. Opening statements and the remainder of the trial will commence on August 8.

2. Defendant's motion for summary judgment (document 19) is GRANTED

IN PART and DENIED IN PART, and the issues for trial are narrowed accordingly.  The motion is granted with respect to any constructive discharge claim, the claim that plaintiff was terminated in retaliation for conduct protected by Title VII or the Florida Civil Rights Act, and the claim that plaintiff suffered disparate treatment (including with respect to uniforms or training) other than sexual harassment.  The motion is denied with respect to the sexual harassment claim.[1]

    3.  Plaintiff's motion (document 26) to strike declarations and exhibits filed by defendant in support of the summary judgment motion is DENIED.

    4.  Plaintiff's motion in limine (document 46) is GRANTED IN PART and DENIED IN PART.  Unless and until authorized on request made outside the hearing of the jury, there shall be no mention within the jury's hearing of Diop Kamau's July 19, 2004, letter to Sheriff Woodham,[2] or of other alleged instances

---

[1] The grounds for these rulings were set forth at length on the record of the pretrial conference (at which the summary judgment motion was heard).

[2] *See* motion in limine ¶1.  This issue was taken under advisement at the pretrial conference; this order announces the ruling for the first time.  The basis for the ruling is as follows.  An element of the affirmative defense that defendant has asserted under *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998), is that defendant exercised reasonable care to prevent and promptly correct any sexually harassing behavior.  By the time of Mr. Kamau's letter, however, it was too late to prevent any harassment (because any harassment had already occurred and was over), and there was nothing defendant could do, in the exercise of reasonable care, to correct any harassment (because plaintiff was not at work and never returned).  Defendant thus did not fail to use reasonable care

of sexual harassment (and investigations and actions relating thereto) except the alleged harassment involving Roosevelt Baker, Robert Wilder, and Dondrick Eaves.[3]  The motion in limine is denied with respect to alleged instances of sexual harassment (and investigations and actions relating thereto) involving Messrs. Baker, Wilder, and Eaves.

    5.  Defendant's motion in limine (document 43) is GRANTED IN PART and DENIED IN PART.  Unless and until authorized on request made outside the hearing of the jury, there shall be no mention within the jury's hearing of plaintiff's application for re-employment with defendant,[4] any sexual relationship between plaintiff and Morris Young,[5] any sexual relationship between Robert Barkley and

---

to prevent or correct any harassment at or after the time of Mr. Kamau's letter. The letter is not admissible for the non-hearsay purpose of showing the information on which defendant acted (or failed to act) at that time.  Nor is the letter relevant for any other non-hearsay purpose.  The letter will be excluded as hearsay (and, at least in part, as inadmissible opinion and speculation that invades the province of the jury).  This ruling is further supported by Federal Rule of Evidence 403.

    [3] *See* plaintiff's motion in limine ¶2.  This ruling is made with the consent of both sides.  At the pretrial conference, defendant agreed not to seek admission of evidence of sexual harassment allegations involving anyone other than plaintiff and the three individuals identified in the text.  Plaintiff withdrew her objection to evidence relating to sexual harassment allegations involving the three individuals identified in the text.

    [4] *See* motion in limine ¶2.

    [5] *See* motion in limine ¶3.

anyone other than plaintiff or between Morris Young and anyone,[6] any claim that plaintiff was constructively discharged or discharged for any reason other than failure and inability to come to work,[7] any oral statement of Diop Kamau unless supported by testimony of a person who heard the statement,[8] litigation against Barkley Security,[9] or defendant's settlement of an action alleging sexual misconduct of Robert Wilder.[10]  The motion in limine is denied with respect to the

---

[6] *See* motion in limine ¶4.  Plaintiff consented to this ruling.

[7] *See* motion in limine ¶¶ 5-6.  The record establishes without dispute that plaintiff was terminated because her physician said she was unable to come to work and she failed to come to work.  Plaintiff remains free to prove that she was terminated (without asserting that the reason was anything other than inability and failure to come to work) and to assert that damages from the termination are part of the damages caused by the sexual harassment at issue (that is, that the sexual harassment caused the illness that caused the termination).  Plaintiff is not free to assert that the termination was otherwise unlawful.

[8] *See* motion in limine ¶7.  This ruling does not exclude—but also does not rule admissible—testimony of any person who heard a statement of Mr. Kamau.  It is likely that any statement by Mr. Kamau would itself be inadmissible hearsay.  Testimony of any such statement may be elicited only if an attorney has a good faith basis for asserting the statement is admissible for a non-hearsay purpose or under an exception to the hearsay rule.  Because, under this order as discussed above (see note 2 and accompanying text), Mr. Kamau's July 19, 2004, letter will not be admitted, statements of Mr. Kamau (or other evidence) allegedly showing his motivation for writing that letter will be irrelevant and inadmissible.

[9] *See* motion in limine ¶8.  Plaintiff consented to this ruling.

[10] *See* motion in limine ¶9.  Plaintiff consented to this ruling.

number of women employed by defendant and their capacities.[11]

    6. Defendant's motion (document 50) to extend the deadline for objections to plaintiff's exhibits is GRANTED. The objections as filed (document 49) are deemed timely.

    7. Unless otherwise ordered before the striking of the jury begins, each side will have three peremptory challenges.

    8. The parties may submit in writing not later than one week prior to trial proposed voir dire questions to be asked by the court. Regardless of whether they have submitted proposed voir dire questions, they will be afforded an opportunity prior to selection of the jury to request additional voir dire questions by the court. The parties also will be afforded an opportunity to conduct their own voir dire limited to questions reasonably calculated to develop information for use in exercising cause or peremptory challenges and *not* including questions intended solely or primarily to establish a relationship with the jurors, condition the jury, inform the jurors of the facts or issue in the case, or argue the case.

    9. By not later than one week prior to trial, any party planning to introduce deposition testimony at trial shall notify each other party of the pages and lines of deposition testimony to be introduced. By not later than two business days before

---

[11] *See* motion in limine ¶1. Plaintiff may not, however, assert or intimate that defendant has engaged in gender discrimination in hiring.

*Case No: 4:06cv484-RH/WCS*

trial, each other party so notified shall notify the party proposing to introduce the deposition testimony of any other parts of the deposition that the other party proposes to have introduced at the same time.  By not later than the day before trial, each party shall notify each other party of any objections the party has to introduction of the proposed deposition testimony identified in accordance with this paragraph.  Any objections or disagreements regarding the introduction of deposition testimony shall be brought to the court's attention by not later than the time of the attorney conference on the morning of jury selection.  Nothing in this paragraph affects the use of depositions for impeachment of testifying witnesses.

      10.  Exhibits offered at trial (a) shall be numbered in accordance with the exhibit lists submitted as part of the pretrial stipulation, or (b) may be numbered in accordance with any more recent exhibit list filed with the consent of all parties.  More specific identifications may be added for parts of composite or lengthy exhibits (as, for example, by renumbering Plaintiff's Exhibit 6 as Plaintiff's Exhibits 6A, 6B and 6C, or by using Bates numbers) so long as they do not impair the ability of all other attorneys to locate the exhibits based on the original designation.  Exhibits may not be renumbered except as authorized by this paragraph.

      11.  Materials, if any, that any party proposes to show to the jury in opening

*Page 7 of 7*

statement shall be disclosed in advance to counsel for all other parties.

    SO ORDERED this 20th day of July, 2007.

                                            <u>s/Robert L. Hinkle</u>
                                            Chief United States District Judge

*Case No: 4:06cv484-RH/WCS*